LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ORLA LADEFOGED, JR., and
ELIZABETH LADEFOGED, in each
case individually and as successor in
interest to ORLA LADEFOGED,
deceased, and PAUL LADEFOGED,
individually,

           Plaintiffs,

    vs.

CITY OF HEMET, ANDREW
REYNOSO, IAN BAILEY, BRENT
CHRISTIANSON, JARED FLOREZ,
MICHAEL MOUAT, NICHOLAS
ORLANDOS, NICHOLAS
SCHROEDER, BRIAN WOOD,
PATRICK SOBASZEK, JAKE
DOMINGUEZ, and DOES 1-10,
inclusive,

           Defendants.

Case No. 5:19-cv-00903-SVW-SHK
[*Hon. Stephen V. Wilson*]
**FIRST AMENDED COMPLAINT
FOR DAMAGES**

1. Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)
2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)
3. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)
4. Fourteenth Amendment-Interference with Familial Relations (42 U.S.C. § 1983)
5. Municipal Liability—Ratification (42 U.S.C. § 1983)
6. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)
7. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
8. False Arrest/False Imprisonment
9. Battery (wrongful death and survival)
10. Negligence (wrongful death and survival)
11. Violation of Cal. Civil Code § 52.1

**DEMAND FOR JURY TRIAL**

-0-

## FIRST AMENDED COMPLAINT FOR DAMAGES

COME NOW Plaintiffs ORLA LADEFOGED, JR., and ELIZABETH LADEFOGED, in each case individually and as successor in interest to ORLA LADEFOGED, deceased, and PAUL LADEFOGED, individually, for their Complaint against Defendants City of Hemet, Andrew Reynoso, Ian Baily, Brent Christianson, Jake Dominguez, Jared Florez, Michael Mouat, Nicholas Orlandos, Nicholas Schroeder, Brian Wood, Patrick Sobaszek, and Does 1-10, inclusive, and allege as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States Constitution, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the police use of force against of Plaintiffs' father and son, Orla Ladefoged ("DECEDENT"), on April 9, 2018 in the City of Hemet, California.

## PARTIES

4.      At all relevant times, Decedent Orla Ladefoged was an individual residing in the City of Hemet and the County of Riverside, California.

5.      Plaintiff ORLA LADEFOGED, JR. is an individual residing in the City of Hemet, California and is the natural adult son of DECEDENT.  ORLA LADEFOGED, JR. sues both in his individual capacity as the son of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.  ORLA LADEFOGED, JR. seeks both survival and wrongful death damages under both federal and state law.

6.      Plaintiff ELIZABETH LADEFOGED is an individual residing in the City of Hemet, California and is the natural adult daughter of DECEDENT. Plaintiff ELIZABETH LADEFOGED sues both in her individual capacity as the natural daughter of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. ELIZABETH LADEFOGED seeks both survival and wrongful death damages under federal and state law.

7.      Plaintiff PAUL LADEFOGED is an individual residing in the City of Hemet, California and is the natural father of DECEDENT.  PAUL LADEFOGED sues in his individual capacity as the father of DECEDENT.  PAUL LADEFOGED seeks wrongful death damages under federal and state law.

8.      At all relevant times, Defendant CITY OF HEMET ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued.  CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the City of Hemet Police Department and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws

of the United States and of the State of California.  At all relevant times, CITY was the employer of Defendants DOES 1-10.

9.     Defendant ANDREW REYNOSO ("REYNOSO") is a police officer employed by the City of Hemet Police Department.  At all relevant times, REYNOSO was acting under color of law and within the course and scope of his employment as a police officer for the City of Hemet Police Department.  Also at all relevant times, REYNOSO was acting with the complete authority and ratification of his principal, Defendant CITY.

10.    Defendant IAN BAILEY ("BAILEY") is a police officer employed by the City of Hemet Police Department.  At all relevant times, BAILEY was acting under color of law and within the course and scope of his employment as a police officer for the City of Hemet Police Department.  Also at all relevant times, BAILEY was acting with the complete authority and ratification of his principal, Defendant CITY.

11.    Defendant BRENT CHRISTIANSON ("CHRISTIANSON") is a police officer employed by the City of Hemet Police Department.  At all relevant times, CHRISTIANSON was acting under color of law and within the course and scope of his employment as a police officer for the City of Hemet Police Department.  Also at all relevant times, CHRISTIANSON was acting with the complete authority and ratification of his principal, Defendant CITY.

12.    Defendant JAKE DOMINGUEZ ("DOMINGUEZ") is a police officer employed by the City of Hemet Police Department.  At all relevant times, DOMINGUEZ was acting under color of law and within the course and scope of his employment as a police officer for the City of Hemet Police Department.  Also at all relevant times, DOMINGUEZ was acting with the complete authority and ratification of his principal, Defendant CITY.

13.    Defendant JARED FLOREZ ("FLOREZ") is a police officer employed by the City of Hemet Police Department.  At all relevant times, FLOREZ was acting

under color of law and within the course and scope of his employment as a police officer for the City of Hemet Police Department.  Also at all relevant times, FLOREZ was acting with the complete authority and ratification of his principal, Defendant CITY.

14.    Defendant MICHAEL MOUAT ("MOUAT") is a police officer employed by the City of Hemet Police Department.  At all relevant times, MOUAT was acting under color of law and within the course and scope of his employment as a police officer for the City of Hemet Police Department.  Also at all relevant times, MOUAT was acting with the complete authority and ratification of his principal, Defendant CITY.

15.    Defendant NICHOLAS ORLANDOS ("ORLANDOS") is a police officer employed by the City of Hemet Police Department.  At all relevant times, ORLANDOS was acting under color of law and within the course and scope of his employment as a police officer for the City of Hemet Police Department.  Also at all relevant times, ORLANDOS was acting with the complete authority and ratification of his principal, Defendant CITY.

16.    Defendant NICHOLAS SCHROEDER ("SCHROEDER") is a police officer employed by the City of Hemet Police Department.  At all relevant times, SCHROEDER was acting under color of law and within the course and scope of his employment as a police officer for the City of Hemet Police Department.  Also at all relevant times, SCHROEDER was acting with the complete authority and ratification of his principal, Defendant CITY.

17.    Defendant BRIAN WOOD ("WOOD") is a police officer employed by the City of Hemet Police Department.  At all relevant times, WOOD was acting under color of law and within the course and scope of his employment as a police officer for the City of Hemet Police Department.  Also at all relevant times, WOOD was acting with the complete authority and ratification of his principal, Defendant CITY.

18.     Defendant PATRICK SOBASZEK ("SOBASZEK") is a police officer employed by the City of Hemet Police Department.  At all relevant times, SOBASZEK was acting under color of law and within the course and scope of his employment as a police officer for the City of Hemet Police Department.  Also at all relevant times, SOBASZEK was acting with the complete authority and ratification of his principal, Defendant CITY.

19.     Defendants DOES 1-5 ("DOE OFFICERS") are police officers employed by the City of Hemet Police Department.  DOE OFFICERS were acting under color of law and within the course and scope of their employment as officers for the City of Hemet Police Department.  DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

20.     Defendants DOES 6-10 are managerial, supervisorial, and policymaking employees of CITY, who were acting under color of law and within the course and scope of their duties as managerial, supervisorial, and policymaking employees of CITY.  DOES 6-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

21.     On information and belief, Defendants DOES 1-10 and REYNOSO were residents of the City of Hemet.

22.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS and REYNOSO were acting on the implied and actual permission and consent of Defendants CITY and DOES 6-10.

23.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 and REYNOSO were acting on the implied and actual permission and consent of the CITY.

24.     The true names of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who as a result sues these Defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of these Defendants when they have been ascertained.  Each of the fictitiously-named

Defendants is responsible in some manner for the conduct or liabilities alleged herein.

25.    At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

26.    All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

27.    Defendants REYNOSO, BAILY, CHRISTIANSON, FLOREZ, MOUAT, ORLANDOS, SCHROEDER, WOOD, SOBASZEK, DOMINGUEZ, and DOES 1-10 are sued in their individual capacities.

28.    On or about December 4, 2018, pursuant to California Government Code Section 910, Plaintiffs presented a claim with the City of Hemet in full and timely compliance with the California Tort Claim Act.

29.    On or about February 4, 2019, the City of Hemet rejected Plaintiffs' claim pursuant to Government Code Sections 913 and 915.4.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

30.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 29 of this Complaint with the same force and effect as if fully set forth herein.

31.    On August 9, 2018, at or around the 100 block of N. Hamilton, between Florida and Latham Avenues, in the city of Hemet, California, at approximately 11:00 p.m. on that date, Defendant Officers REYNOSO, BAILY, CHRISTIANSON, FLOREZ, MOUAT, ORLANDOS, SCHROEDER, WOOD,

SOBASZEK, and DOMINGUEZ (hereinafter "the Officer Defendants") unlawfully detained, arrested, and used force against Orla Ladefoged ("DECEDENT"). The Officer Defendants also denied DECEDENT medical attention, were negligent toward DECEDENT, and acted with reckless disregard for DECEDENT's constitutional rights. The scope and manner of the detention and arrest was unreasonable, including the use of force applied during the detention and arrest, as well as the manner in which the Officer Defendants restrained DECEDENT in a prone position for an extended period of time.

32.     Each of the Officer Defendants integrally participated or failed to intervene in the unreasonable detention and arrest, the use of force, the denial of medical care, and any other violations of DECEDENT's rights under federal and state law.

33.     Defendant Officer REYNOSO deployed a K-9 against DECEDENT when DECEDENT was in the balcony or patio area, thereby using excessive and unreasonable force against him. REYNOSO gave the K-9 a bite command. At the time when the K-9 was contacting DECEDENT, Defendant Officer SOBASZEK deployed a Taser or Conducted Electrical Weapon ("CEW") against DECEDENT.

34.     Defendant Officer ORLANDOS struck the DECEDENT in the head with his elbow and also participated in the handcuffing of DECEDENT.

35.     When DECEDENT was on the patio or balcony area, Defendant Officer SCHROEDER jabbed DECEDENT in the chest with a police baton and kicked DECEDENT in the face, thereby using excessive and unreasonable force against him.  After DECEDENT was handcuffed, SCHROEDER obtained a hobble restraint device and placed the hobble on DECEDENT's ankles and secured it.

36.     Defendant Officer WOOD deployed a Taser or CEW against DECEDENT approximately five (5) times when DECEDENT was in the balcony or patio area, thereby using excessive and unreasonable force against him.

37.    Defendant Officer SOBASZEK also deployed a Taser or CEW against DECEDENT and also struck DECEDENT with his fist approximately six (6) times, thereby using excessive and unreasonable force against him. SOBASZEK also restrained DECEDENT when DECEDENT was being handcuffed.

38.    Defendant Officer MOUAT carried the handcuffed DECEDENT down the stairs and placed DECEDENT in a prone (face and chest down) position on the street. MOUAT then instructed the Officer Defendants to get a hobble restraint device.

39.    Defendant Officer FLOREZ handcuffed DECEDENT when DECEDENT was in the balcony or patio area and then held DECEDENT's right leg as the Officer Defendants carried DECEDENT down the stairs. When DECEDENT was in handcuffs and restrained in a prone (face and chest down) position on the street, FLOREZ held DECEDENT's legs. FLOREZ then participated in hobbling DECEDENT's legs with SCHROEDER.

40.    Defendant Officer CHRISTIANSON held down DECEDENT's legs with his feet while the Officer Defendants handcuffed DECEDENT. On information and belief, DECEDENT was restrained in a prone position (face and chest down) when he was handcuffed and when CHRISTIANSON held down DECEDENT's legs with his feet. During the handcuffing, the Officer Defendants dropped DECEDENT to the ground. CHRISTIANSON then participated in carrying the handcuffed DECEDENT down the stairs and placed DECEDENT in a prone position on the street.  CHRISTIANSON then restrained DECEDENT, including tightening the handcuffs, when DECEDENT was in a prone position on the street.

41.    When DECEDENT was in handcuffs and restrained in a prone (face and chest down) position on the street, Defendant Officer BAILY held both of DECEDENT's legs and bent DECEDENT's legs at the knee to where DECEDENT's feet were forced toward DECEDENT's buttocks for an extended period of time. When BAILEY did release his hold on DECEDENT's legs,

FLOREZ immediately restrained DECEDENT's legs. BAILEY also instructed Dispatch to stage medical, notwithstanding that DECEDENT was in obvious need of immediate medical attention.

42.     When DECEDENT was in handcuffs and restrained in a prone position on the street, Defendant Officer DOMINGUEZ placed his knee on DECEDENT's left shoulder blade and placed his hand on DECEDENT's right shoulder for an extended period of time. During the time that DOMINGUEZ placed his knee and hand on DECEDENT's back area, the Officer Defendants applied the hobble on DECEDENT's legs.

43.     Each of the Officer Defendants integrally participated in the above-described uses of force and restraint and/or failed to intervene in the above-described uses of force and restraint.

44.     After the Officer Defendants used force against DECEDENT and then restrained DECEDENT in a prone postion for an extended period of time, DECEDENT became unresponsive.

45.     The manner in which the Officer Defendants restrained DECEDENT was excessive, unreasonable, inappropriate, contrary to police training, and negligent.

46.     The use of force and restraint as described above was excessive, unreasonable, and negligent because at the time of the officers' use of excessive force against him, DECEDENT was not armed with any weapon, had committed no serious crime, and had not injured and was not attempting to injure anyone.

47.     After deploying the police K-9, CEWs, and other uses of force against DECEDENT, as well as restraining him in a prone position with weight and pressure on his back, the Officer Defendants failed to timely summon medical attention for DECEDENT, thereby further contributing to his injuries and death. In fact, the Officer Defendants told Dispatch to stage medical, even though DECEDENT was in obvious need of immediate medical attention. The delay of

medical care to DECEDENT also caused DECEDENT extreme physical and emotional pain and suffering.

48.     After this use-of-force incident, DECEDENT was transported to a hospital, where he survived for a period of time and then died on or around August 13, 2018.  During that time, DECEDENT suffered survival damages.

49.     As a result of the use of excessive force against him, DECEDENT endured severe pain and suffering and emotional distress, incurred medical expenses, and eventually lost his life and earning capacity.

50.     At all relevant times, the involved City of Hemet police officers were acting under color of state law and in the scope and course of their employment as police officers working for the City of Hemet.

51.     Plaintiffs were dependent on DECEDENT, to some extent, for the necessities of life.

52.     Plaintiffs ELIZABETH LADEFOGED and ORLA LADEFOGED, JR. are DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT's interest in this action as the natural adult children of DECEDENT.

## FIRST CLAIM FOR RELIEF
### Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)
(By the Plaintiffs ELIZABETH LADEFOGED and ORLA LADEFOGED, JR. against the OFFICER DEFENDANTS)

53.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.     The Officer Defendants unlawfully detained DECEDENT, including that the scope and manner of the detention was unreasonable, inappropriate, negligent, and contrary to police training.

55.     When the Officer Defendants deployed the police K-9, CEWs, and other uses of force against DECEDENT, as well as restraining DECEDENT in a prone position with weight and pressure on his back, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

56.     As a result of their misconduct, the Officer Defendants and REYNOSO are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest (including the scope and manner of the detention), or because they failed to intervene to prevent these violations.

57.     The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to the Officer Defendants.

58.     Plaintiffs ELIZABETH LADEFOGED and ORLA LADEFOGED, JR. bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees and costs on this claim.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)

(By Plaintiffs ELIZABETH LADEFOGED and ORLA LADEFOGED, JR. against the OFFICER DEFENDANTS)

59.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 58 of this Complaint with the same force and effect as if fully set forth herein.

-11-

60.    The Officer Defendants used excessive force against DECEDENT as follows.  The Officer Defendants' unjustified uses of force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

61.    Defendant Officer REYNOSO deployed a K-9 against DECEDENT when DECEDENT was in the balcony or patio area, thereby using excessive and unreasonable force against him. REYNOSO gave the K-9 a bite command. At the time when the K-9 was contacting DECEDENT, Defendant Officer SOBASZEK deployed a Taser or Conducted Electrical Weapon ("CEW") against DECEDENT.

62.    Defendant Officer ORLANDOS struck the DECEDENT in the head with his elbow and also participated in the handcuffing of DECEDENT.

63.    When DECEDENT was on the patio or balcony area, Defendant Officer SCHROEDER jabbed DECEDENT in the chest with a police baton and kicked DECEDENT in the face, thereby using excessive and unreasonable force against him.  After DECEDENT was handcuffed, SCHROEDER obtained a hobble restraint device and placed the hobble on DECEDENT's ankles and secured it.

64.    Defendant Officer WOOD deployed a Taser or CEW against DECEDENT approximately five (5) times when DECEDENT was in the balcony or patio area, thereby using excessive and unreasonable force against him.

65.    Defendant Officer SOBASZEK also deployed a Taser or CEW against DECEDENT and also struck DECEDENT with his fist approximately six (6) times, thereby using excessive and unreasonable force against him. SOBASZEK also restrained DECEDENT when DECEDENT was being handcuffed.

66.    Defendant Officer MOUAT carried the handcuffed DECEDENT down the stairs and placed DECEDENT in a prone (face and chest down) position on the street. MOUAT then instructed the Officer Defendants to get a hobble restraint device.

-12-

67.     Defendant Officer FLOREZ handcuffed DECEDENT when DECEDENT was in the balcony or patio area and then held DECEDENT's right leg as the Officer Defendants carried DECEDENT down the stairs. When DECEDENT was in handcuffs and restrained in a prone (face and chest down) position on the street, FLOREZ held DECEDENT's legs. FLOREZ then participated in hobbling DECEDENT's legs with SCHROEDER.

68.     Defendant Officer CHRISTIANSON held down DECEDENT's legs with his feet while the Officer Defendants handcuffed DECEDENT. On information and belief, DECEDENT was restrained in a prone position (face and chest down) when he was handcuffed and when CHRISTIANSON held down DECEDENT's legs with his feet. During the handcuffing, the Officer Defendants dropped DECEDENT to the ground. CHRISTIANSON then participated in carrying the handcuffed DECEDENT down the stairs and placed DECEDENT in a prone position on the street.  CHRISTIANSON then restrained DECEDENT, including tightening the handcuffs, when DECEDENT was in a prone position on the street.

69.     When DECEDENT was in handcuffs and restrained in a prone (face and chest down) position on the street, Defendant Officer BAILY held both of DECEDENT's legs and bent DECEDENT's legs at the knee to where DECEDENT's feet were forced toward DECEDENT's buttocks for an extended period of time. When BAILEY did release his hold on DECEDENT's legs, FLOREZ immediately restrained DECEDENT's legs. BAILEY also instructed Dispatch to stage medical, notwithstanding that DECEDENT was in obvious need of immediate medical attention.

70.     When DECEDENT was in handcuffs and restrained in a prone position on the street, Defendant Officer DOMINGUEZ placed his knee on DECEDENT's left shoulder blade and placed his hand on DECEDENT's right shoulder for an extended period of time. During the time that DOMINGUEZ placed his knee and

FIRST AMENDED COMPLAINT FOR DAMAGES

hand on DECEDENT's back area, the Officer Defendants applied the hobble on DECEDENT's legs.

71.    The uses of force and restraint were excessive and unreasonable, including because DECEDENT posed no threat of death or injury to any person at the time of the Tasing, K-9 deployment, restraint, and other uses of force, and also because DECEDENT had not injured anyone and was not armed with any weapon.

72.    Further, the Officer Defendants' uses of force and restraint violated their training and standard police officer training with regard to the use of force.

73.    Each of the Officer Defendants integrally participated and/or failed to intervene in the use of force and restraint against DECEDENT.

74.    As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

75.    The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to the Officer Defendants.

76.    ELIZABETH LADEFOGED and ORLA LADEFOGED, JR. bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees and costs on this claim.

# THIRD CLAIM FOR RELIEF

## Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)

(By ELIZABETH LADEFOGED and ORLA LADEFOGED, JR. against the OFFICER DEFENDANTS)

77.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 76 of this Complaint with the same force and effect as if fully set forth herein.

78.      The denial of medical care by the Officer Defendants after they deployed CEWs, a police K-9, and other force against DECEDENT and also restrained him in a prone position for an extended period of time deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

79.     As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

80.     The Officer Defendants knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

81.     The Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to the Officer Defendants.

82.     As a result of their misconduct, the Officer Defendants are liable for DECEDENT's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

83.     ELIZABETH LADEFOGED and ORLA LADEFOGED, JR.  bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the

California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees and costs on this claim.

## FOURTH CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(By all Plaintiffs against the OFFICER DEFENDANTS)

84.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 83 of this Complaint with the same force and effect as if fully set forth herein.

85.     Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' familial relationship with their father and son, DECEDENT.

86.     The aforementioned actions of the Officer Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

87.     As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died.  the Officer Defendants thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

88.     Also as a direct and proximate cause of the acts of the Officer Defendants, Plaintiffs suffered emotional distress, mental anguish, and pain, and have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

89.     The conduct of the Officer Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS and REYNOSO.

90.     Plaintiffs bring this claim individually and seek wrongful death damages for Defendants' interference with Plaintiffs' familial relationship with DECEDENT.  Plaintiffs also seek attorney's fees and costs on this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(By ELIZABETH LADEFOGED and ORLA LADEFOGED, JR. against Defendants CITY and DOES 6-10)

91.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 90 of this Complaint with the same force and effect as if fully set forth herein.

92.     The Officer Defendants acted under color of law, including when they detained and arrested DECEDENT, Tased DECEDENT, deployed a K-9 against him, restrained him, and otherwise used force against him.

93.     The acts of the Officer Defendants deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

94.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of the Officer Defendants, ratified the Officer Defendant' acts and the bases for them.  Upon information and belief, the final policymaker knew of and specifically approved of the Officer Defendants' acts.

95.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of the Officer Defendants were "within policy."

96.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

97.     Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983 on this claim.

98.     ELIZABETH LADEFOGED and ORLA LADEFOGED, JR. bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees and costs on this claim.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(By Plaintiffs ELIZABETH LADEFOGED and ORLA LADEFOGED, JR. against Defendants CITY and DOES 6-10)

99.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 98 of this Complaint with the same force and effect as if fully set forth herein.

100.    The Officer Defendants acted under color of law, including when they detained and arrested DECEDENT, Tased DECEDENT, deployed a K-9 against him, restrained him, and otherwise used force against him.

101.    The acts of the Officer Defendants deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

102.    The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including the CITY's failure to train its officers with respect to the risks of positional and restraint asphyxia, with respect to the use of the Taser, and with

respect to handling situations with mentally ill individuals and with respect to the use of force. On information and belief, CITY failed to train the Officer Defendants properly and adequately, including with respect to the risks of positional and restraint asphyxia, with respect to the use of the Taser, and with respect to handling situations with mentally ill individuals.

103.   Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

104.   The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiffs' rights by the Officer Defendants; that is, Defendants' failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

105.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

106.   Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983 on this claim.

107.   ELIZABETH LADEFOGED and ORLA LADEFOGED, JR. bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees and costs on this claim.

//

//

//

//

## **SEVENTH CLAIM FOR RELIEF**

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(By ELIZABETH LADEFOGED and ORLA LADEFOGED, JR. against

Defendants CITY and DOES 6-10)

108.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 107 of this Complaint with the same force and effect as if fully set forth herein.

109.   The Officer Defendants acted under color of law, including when they detained and arrested DECEDENT, Tased DECEDENT, deployed a K-9 against him, restrained him, and otherwise used force against him.

110.   The Officer Defendants acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY, including a policy of inappropriately restraining individuals in a prone position for an extended period of time.

111.   On information and belief, the Officer Defendants were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

112.   Defendants, including the CITY and CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)    Using excessive force and restraint;

(b)    Providing inadequate training regarding the risks of positional and/or restraint asphyxia, the use of the Taser, and handling situations with mentally ill individuals;

(c)    Employing and retaining as police officers individuals such the Officer Defendants, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive

-20-

force and restraint, and whom had lack of proper training and knowledge regarding the risks of positional and/or restraint asphyxia, the use of the Taser, and handling situations with the mentally ill;

(d) Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including the Officer Defendants, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers, including the Officer Defendants;

(f) Failing to adequately discipline CITY police officers, including the Officer Defendants, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified uses of force are "within policy," including uses of force that were later determined in court to be unconstitutional;

(h) Even where uses of force are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do

-21-

not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing.

(j)   Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of incidents of excessive force by police officers, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in use of excessive force and restraint against unarmed people.

113.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

114.   Defendants CITY and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

115.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 6-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented,

maintained, and still tolerated by Defendants CITY and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

116.   Accordingly, Defendants CITY and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983 on this claim.

117.   ELIZABETH LADEFOGED and ORLA LADEFOGED, JR. bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violations of DECEDENT's rights.  Plaintiffs also seek attorney's fees and costs on this claim.

## EIGHTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

(Wrongful Death and Survival Claim)

(By all Plaintiffs against Defendants CITY and the OFFICER DEFENDANTS)

118.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 117 of this Complaint with the same force and effect as if fully set forth herein.

119.   The Officer Defendants, while working as officers for the City of Hemet Police Department and acting within the course and scope of their duties as police officers and their employment with the CITY, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress, including when they Tased him, deployed a police K-9 against him, handcuffed him, restrained him in a prone position for an extended period of time, and otherwise use force against him, including fist strikes and use of the baton.  The scope and manner of the false arrest/false imprisonment was unreasonable, unlawful, inappropriate, negligent, and contrary to police training.

120.   DECEDENT did not knowingly or voluntarily consent.

121.   The Officer Defendants detained and restrained DECEDENT for an appreciable amount of time, including while they Tased him, deployed a K-9 against him, used other force against him, handcuffed him, and restrained him in a prone position for an extended period of time.

122.   The conduct of the Officer Defendants was a substantial factor in causing the harm to DECEDENT.

123.   As a result of their misconduct, the Officer Defendants are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

124.   Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

125.   The conduct of the Officer Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

126.   Defendant CITY is vicariously liable for the wrongful acts of the Officer Defendants, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

127.   ELIZABETH LADEFOGED and ORLA LADEFOGED, JR. bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights.  These plaintiffs further seek wrongful death damages on this claim for their loss of DECEDENT's love, comfort, society, guidance, and support.

128.   Plaintiff PAUL LADEFOGED also brings this claim individually and seeks wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees and costs on this claim.

## NINTH CLAIM FOR RELIEF

### Battery

(Wrongful Death and Survival Claim)

(By all Plaintiffs against Defendants CITY and the OFFICER DEFENDANTS)

129.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 128 of this Complaint with the same force and effect as if fully set forth herein.

130.   The Officer Defendants, while working for the City of Hemet Police Department and acting within the course and scope of their duties as police officers and their employment with the CITY, intentionally Tased DECEDENT multiple times, deployed a police K-9 against him, and used other force against him, including fist strikes and baton strikes. Moreover, the Officer Defendants restrained DECEDENT in a prone position for an extended period of time and placed weight on DECEDENT's shoulder area until DECEDENT became unresponsive.  The foregoing conduct constitutes unreasonable force and restraint against DECEDENT.

131.   As a result of the actions of the Officer Defendants, DECEDENT suffered severe physical and emotional injures and was transported to a hospital where he died from his injuries several days later.

132.   The Officer Defendants had no legal justification for using force against DECEDENT, and their use of force while carrying out their duties as police officers was an unreasonable and non-privileged use of force.

133.   The Officer Defendants integrally participated and/or failed to intervene in the use of force against DECEDENT.

134.   As a direct and proximate result of the conduct of the Officer Defendants as alleged above, DECEDENT sustained injuries, died from his injuries and lost his earning capacity.  Also as a direct and proximate result of the conduct of the Officer Defendants as alleged above, DECEDENT suffered survival damages, including medical expenses and other economic loss, for several days between the time of this use-of-force incident and the time of his death at the hospital, pursuant to Code of Civil Procedure Section 377.34.

135.   Also as a direct and proximate result of the Officer Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

136.   The conduct of the Officer Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to the Officer Defendants.

137.   Defendant CITY is vicariously liable for the wrongful acts of the Officer Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

138.   ELIZABETH LADEFOGED and ORLA LADEFOGED, JR. bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek both survival damages for the violation of DECEDENT's rights.  These plaintiffs further seek wrongful death damages on this claim for their loss of DECEDENT's love, comfort, society, guidance, and support.

1    139.   Plaintiff PAUL LADEFOGED brings this claim individually and seeks

2  wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also

3  seek attorney's fees and costs on this claim.

4

5                      **TENTH CLAIM FOR RELIEF**

6                            **Negligence**

7                 (Wrongful Death and Survival Claim)

8                 (By all Plaintiffs against all Defendants)

9    140.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1

10 through 139 of this Complaint with the same force and effect as if fully set forth

11 herein.

12    141.   Police officers, including the Officer Defendants and other CITY

13 officers involved in this incident, have a duty to use reasonable care to prevent harm

14 or injury to others. This duty includes using appropriate tactics, giving appropriate

15 commands, giving warnings, not using any force unless necessary, and not

16 restraining individuals in a prone position for an extended period of time.

17    142.   The Officer Defendants breached this duty of care.  Upon information

18 and belief, the actions and inactions of the Officer Defendants were negligent and

19 reckless, including but not limited to:

20        (a)   the negligent detention, arrest, and use of force against

21              DECEDENT, including the negligent Tasing of DECEDENT,

22              negligent use of the police K-9 against him, negligent fist and

23              baton strikes, and negligent prone restraint;

24        (b)   restraining DECEDENT in a prone position with weight on his

25              back and keeping him in that prone position for an unreasonable

26              amount of time;

27        (c)   the failure to properly and adequately assess the need to detain,

28              arrest, and use force or deadly force against DECEDENT;

-27-

(d)    the negligent tactics and handling of the situation with DECEDENT, including negligent failure to employ proper tactics prior to using force against DECEDENT;

(e)    the failure to provide prompt medical care to DECEDENT, including negligently staging the paramedics;

(f)    the failure to properly train and supervise employees, including the Officer Defendants, particularly with regard to the risks of positional and/or restraint asphyxia, use of the Taser and risks of Taser use, handling situations with mentally ill individuals, and use of the K-9 and risks thereof;

(g)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(h)    the negligent communication of information during the incident.

143.   As a direct and proximate result of the conduct of the Officer Defendants as alleged above, DECEDENT sustained injuries, ultimately died from his injuries after surviving for a period of time at the hospital, and lost his earning capacity.  Also as a direct and proximate result of the conduct of the Officer Defendants as alleged above, DECEDENT suffered survival damages, including medical expenses and other economic loss, for several days between the time of this use-of-force incident and the time of his death at the hospital, pursuant to Code of Civil Procedure Section 377.34.

144.   Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

145.   CITY is vicariously liable for the wrongful acts of the Officer Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

146.   ELIZABETH LADEFOGED and ORLA LADEFOGED, JR. bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights.  These plaintiffs further seek wrongful death damages on this claim for their loss of DECEDENT's love, comfort, society, guidance, and support.

147.   Plaintiff PAUL LADEFOGED also brings this claim individually and seeks wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorney's fees and costs on this claim.

## ELEVENTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(By all Plaintiffs against Defendants CITY and the OFFICER DEFENDANTS)

148.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 147 of this Complaint with the same force and effect as if fully set forth herein.

149.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

150.   The actions of the Officer Defendants as set forth above violated DECEDENT's constitutional rights. The Officer Defendants intended to violate DECEDENT's constitutional rights, as shown by the Officer Defendants' reckless disregard for DECEDENT's constitutional rights.

-29-

151.   The Officer Defendants, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including deploying a police K-9 against DECEDENT, handcuffing him, Tasing him multiple times, using other force against him, restraining him in a prone position with weight on his back for an extended period of time until he became unresponsive, and denying him necessary medical care.

152.   When the Officer Defendants deployed a police K-9 against DECEDENT, handcuffed him, Tased him multiple times, restrained him in a prone position with weight on his back for an extended period of time until he became unresponsive, used other force against him, and denied him necessary medical care, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

153.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against her for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

154.   On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by the Officer Defendants were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights. In other words, the Officer Defendants both intended to interfere with DECEDENT's civil rights and acted with reckless disregard for DECEDENT's civil rights.

155.   Defendants thus successfully interfered with the above civil rights of DECEDENT and Plaintiffs.

156.   The conduct of the Officer Defendants was a substantial factor in causing Plaintiffs' harms, losses, injuries, and damages.

157.   The conduct of the Officer Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to Defendants DOE OFFICERS and REYNOSO.

158.   CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS and REYNOSO, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

159.   Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

160.   ELIZABETH LADEFOGED and ORLA LADEFOGED, JR. bring this claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights.  These plaintiffs further seek wrongful death damages on this claim for their loss of DECEDENT's love, comfort, society, guidance, and support.

161.   Plaintiff PAUL LADEFOGED also brings this claim individually and seeks wrongful death damages for the violation of DECEDENT's rights.

162.   Plaintiffs also seek attorney's fees and costs on this claim. Under the provisions of Cal. Civ. Code §52(b), Defendants are liable for reasonable attorney's fees and a civil penalty of $25,000.00.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ORLA LADEFOGED, JR., and ELIZABETH LADEFOGED, in each case individually and as successor in interest to ORLA LADEFOGED, deceased, and PAUL LADEFOGED, individually, request entry of judgment in their favor and against Defendants City of Hemet, Andrew Reynoso, Ian Baily, Brent Christianson, Jake Dominguez, Jared Florez, Michael Mouat, Nicholas Orlandos, Nicholas Schroeder, Brian Wood, Patrick Sobaszek, and Does 1-10, inclusive, as follows:

        A.    For compensatory damages in whatever amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

        B.    For funeral and burial expenses, and loss of financial support;

        C.    For punitive damages against the individual defendants in an amount to be proven at trial;

        D.    For statutory damages;

        E.    For interest;

        F.    For reasonable attorneys' fees, including litigation expenses;

        G.    For costs of suit; and

        H.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED: September 23, 2019        LAW OFFICES OF DALE K. GALIPO

                            By:       *s/ Dale K. Galipo*
                                 Dale K. Galipo
                                 Attorneys for Plaintiffs

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiffs hereby demand a trial by jury.

3

4   DATED: September 23, 2019          LAW OFFICES OF DALE K. GALIPO

5

6                                        By: _____
                                              *s/ Dale K. Galipo*

7                                             Dale K. Galipo
                                              Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28