1  Nathan A. Oyster (SBN 225307)
E-mail:  noyster@bwslaw.com
2  Algeria R. Ford (SBN 289016)
E-mail:  aford@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
4  Los Angeles, CA  90071-2953
Tel:  213.236.0600      Fax:  213.236.2700
5

6  Attorneys for Defendants
CITY OF HEMET, ANDREW REYNOSO,
7  IAN BAILEY, BRENT CHRISTIANSON, JARED
FLOREZ, MICHAEL MOUAT, NICHOLAS
8  ORLANDOS, NICHOLAS SCHROEDER, BRIAN
WOOD, PATRICK SOBASZEK, and JAKE
9  DOMINGUEZ

10                **UNITED STATES DISTRICT COURT**

11                **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13 ORLA LADEFOGED, JR., and ELIZABETH LADEFOGED, in each case individually and as successor in interest to ORLA LADEFOGED, deceased, and PAUL LADEFOGED, individually,<br><br>       Plaintiff,<br><br>v.<br><br>CITY OF HEMET; ANDREW REYNOSO, IAN BAILEY, BRENT CHRISTIANSON, JARED FLOREZ, MICHAEL MOUAT, NICHOLAS ORLANDOS, NICHOLAS SCHROEDER, BRIAN WOOD, PATRICK SOBASZEK, JAKE DOMINGUEZ, and DOES 1–10, inclusive,<br><br>       Defendants. | Case No.  5:19-cv-00903-SVW-SHK<br><br>**ANSWER OF DEFENDANTS CITY OF HEMET, ANDREW REYNOSO, IAN BAILEY, BRENT CHRISTIANSON, JARED FLOREZ, MICHAEL MOUAT, NICHOLAS ORLANDOS, NICHOLAS SCHROEDER, BRIAN WOOD, PATRICK SOBASZEK, and JAKE DOMINGUEZ**<br><br>Honorable Stephen V. Wilson<br>Magistrate Judge Shashi H. Kewalramani |

25        COME NOW DEFENDANTS CITY OF HEMET, ANDREW REYNOSO,

26  IAN BAILEY, BRENT CHRISTIANSON, JARED FLOREZ, MICHAEL

27  MOUAT, NICHOLAS ORLANDOS, NICHOLAS SCHROEDER, BRIAN

28  WOOD, PATRICK SOBASZEK, and JAKE DOMINGUEZ (hereinafter

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

"Defendants"), answering Plaintiffs' First Amended Complaint for themselves and for no other parties, admit, deny, and allege as follows:

1.     In answering paragraph 1 of the First Amended Complaint, Defendants admit that jurisdiction is properly vested in this Court.

2.     In answering paragraph 2 of the First Amended Complaint, Defendants admit that venue is proper in the Central District of California.

3.     In answering paragraphs 3, 19-20, 25-27, 31-47, 54-58, 60-76, 78-83, 85-90, 92-98, 100-107, 109-117, 119-128, 130-139, 141-147, and 149-162, and the prayer for relief of the First Amended Complaint, Defendants deny any and all allegations of the respective paragraphs.

4.     In answering paragraphs 4-7, 21-24, 28-29, 48-49, and 51-52 of the First Amended Complaint, Defendants lack sufficient information to respond to the allegations of the respective paragraphs and therefore deny any and all allegations.

5.     In answering paragraph 8 of the First Amended Complaint, Defendants admit that the City of Hemet is an incorporated city, duly organized under the laws of the State of California.  Defendants deny the remainder of the allegations in these paragraphs.

6.     In answering paragraph 9 of the First Amended Complaint, Defendants admit that Defendant Reynoso was employed by the City of Hemet on August 9, 2018 as a police officer and is currently employed by the City of Hemet as a police officer.  Defendants further admit that Defendant Reynoso was acting under color of law and within the course and scope of his duties as a Hemet police officer at the time of his interaction with Orla Ladefoged, Sr. on August 9, 2018.  Defendants deny the remainder of the allegations in these paragraphs.

7.     In answering paragraph 10 of the First Amended Complaint, Defendants admit that Defendant Bailey was employed by the City of Hemet on August 9, 2018 as a police officer and is currently employed by the City of Hemet as a police officer.  Defendants further admit that Defendant Bailey was acting

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4818-5193-9243 v2      - 2 -      5:19-CV-00903-SVW-SHK
DEFENDANTS' ANSWER TO FIRST AMENDED
COMPLAINT

1    under color of law and within the course and scope of his duties as a Hemet police

2    officer at the time of his interaction with Orla Ladefoged, Sr. on August 9, 2018.

3    Defendants deny the remainder of the allegations in these paragraphs.

4           8.     In answering paragraph 11 of the First Amended Complaint,

5    Defendants admit that Defendant Christianson was employed by the City of Hemet

6    on August 9, 2018 as a police officer and is currently employed by the City of

7    Hemet as a police officer.  Defendants further admit that Defendant Christianson

8    was acting under color of law and within the course and scope of his duties as a

9    Hemet police officer at the time of his interaction with Orla Ladefoged, Sr. on

10   August 9, 2018.  Defendants deny the remainder of the allegations in these

11   paragraphs.

12          9.     In answering paragraph 12 of the First Amended Complaint,

13   Defendants admit that Defendant Dominguez was employed by the City of Hemet

14   on August 9, 2018 as a police officer and is currently employed by the City of

15   Hemet as a police officer.  Defendants further admit that Defendant Dominguez

16   was acting under color of law and within the course and scope of his duties as a

17   Hemet police officer at the time of his interaction with Orla Ladefoged, Sr. on

18   August 9, 2018.  Defendants deny the remainder of the allegations in these

19   paragraphs.

20          10.    In answering paragraph 13 of the First Amended Complaint,

21   Defendants admit that Defendant Florez was employed by the City of Hemet on

22   August 9, 2018 as a police officer and is currently employed by the City of Hemet

23   as a police officer.  Defendants further admit that Defendant Florez was acting

24   under color of law and within the course and scope of his duties as a Hemet police

25   officer at the time of his interaction with Orla Ladefoged, Sr. on August 9, 2018.

26   Defendants deny the remainder of the allegations in these paragraphs.

27          11.    In answering paragraph 14 of the First Amended Complaint,

28   Defendants admit that Defendant Mouat was employed by the City of Hemet on

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4818-5193-9243 v2          - 3 -          5:19-CV-00903-SVW-SHK
DEFENDANTS' ANSWER TO FIRST AMENDED
COMPLAINT

August 9, 2018 as a police officer and is currently employed by the City of Hemet as a police officer.  Defendants further admit that Defendant Mouat was acting under color of law and within the course and scope of his duties as a Hemet police officer at the time of his interaction with Orla Ladefoged, Sr. on August 9, 2018. Defendants deny the remainder of the allegations in these paragraphs.

12.     In answering paragraph 15 of the First Amended Complaint, Defendants admit that Defendant Orlandos was employed by the City of Hemet on August 9, 2018 as a police officer and is currently employed by the City of Hemet as a police officer.  Defendants further admit that Defendant Orlandos was acting under color of law and within the course and scope of his duties as a Hemet police officer at the time of his interaction with Orla Ladefoged, Sr. on August 9, 2018. Defendants deny the remainder of the allegations in these paragraphs.

13.     In answering paragraph 16 of the First Amended Complaint, Defendants admit that Defendant Schroeder was employed by the City of Hemet on August 9, 2018 as a police officer and is currently employed by the City of Hemet as a police officer.  Defendants further admit that Defendant Schroeder was acting under color of law and within the course and scope of his duties as a Hemet police officer at the time of his interaction with Orla Ladefoged, Sr. on August 9, 2018. Defendants deny the remainder of the allegations in these paragraphs.

14.     In answering paragraph 17 of the First Amended Complaint, Defendants admit that Defendant Wood was employed by the City of Hemet on August 9, 2018 as a police officer and is currently employed by the City of Hemet as a police officer.  Defendants further admit that Defendant Wood was acting under color of law and within the course and scope of his duties as a Hemet police officer at the time of his interaction with Orla Ladefoged, Sr. on August 9, 2018. Defendants deny the remainder of the allegations in these paragraphs.

15.     In answering paragraph 18 of the First Amended Complaint, Defendants admit that Defendant Sobaszek was employed by the City of Hemet on

August 9, 2018 as a police officer and is currently employed by the City of Hemet as a police officer.  Defendants further admit that Defendant Sobaszek was acting under color of law and within the course and scope of his duties as a Hemet police officer at the time of his interaction with Orla Ladefoged, Sr. on August 9, 2018. Defendants deny the remainder of the allegations in these paragraphs.

16.     In answering paragraph 21 of the First Amended Complaint, Defendants hereby incorporate their responses to paragraphs 1-20 of the First Amended Complaint.

17.     In answering paragraph 22 of the First Amended Complaint, Defendants admit that officers from the Hemet Police Department detained Orla Ladefoged, Sr. on August 9, 2018 in the city of Hemet, California.  Defendants further admit that officers from the Hemet Police Department used force against Orla Ladefoged, Sr. in the process of detaining him.  Defendants deny the remainder of the allegations in this paragraph.

18.     In answering paragraph 26 of the First Amended Complaint, Defendants admit that Defendant Reynoso was acting under color of law and within the course and scope of his duties as a Hemet police officer at the time of his interaction with Orla Ladefoged, Sr. on August 9, 2018.  As to the remainder of the allegations in this paragraph, Defendants lack sufficient information to respond to the allegations of the respective paragraphs and therefore deny any and all allegations.

19.     In answering paragraph 30 of the First Amended Complaint, Defendants hereby incorporate their responses to paragraphs 1-29 of the First Amended Complaint.

20.     In answering paragraph 50 of the First Amended Complaint, Defendants admit that the Hemet Police Department officers who are named as Defendants in this matter were acting under color of state law and in the course and scope of their employment during the incident that is the subject of the First

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4818-5193-9243 v2          - 5 -

5:19-CV-00903-SVW-SHK
DEFENDANTS' ANSWER TO FIRST AMENDED
COMPLAINT

1   Amended Complaint.

2        21.   In answering paragraph 53 of the First Amended Complaint,

3   Defendants hereby incorporate their responses to paragraphs 1-52 of the First

4   Amended Complaint.

5        22.   In answering paragraph 59 of the First Amended Complaint,

6   Defendants hereby incorporate their responses to paragraphs 1-58 of the First

7   Amended Complaint.

8        23.   In answering paragraph 77 of the First Amended Complaint,

9   Defendants hereby incorporate their responses to paragraphs 1-76 of the First

10  Amended Complaint.

11       24.   In answering paragraph 84 of the First Amended Complaint,

12  Defendants hereby incorporate their responses to paragraphs 1-83 of the First

13  Amended Complaint.

14       25.   In answering paragraph 91 of the First Amended Complaint,

15  Defendants hereby incorporate their responses to paragraphs 1-90 of the First

16  Amended Complaint.

17       26.   In answering paragraph 99 of the First Amended Complaint,

18  Defendants hereby incorporate their responses to paragraphs 1-98 of the First

19  Amended Complaint.

20       27.   In answering paragraph 108 of the First Amended Complaint,

21  Defendants hereby incorporate their responses to paragraphs 1-107 of the First

22  Amended Complaint.

23       28.   In answering paragraph 118 of the First Amended Complaint,

24  Defendants hereby incorporate their responses to paragraphs 1-117 of the First

25  Amended Complaint.

26       29.   In answering paragraph 129 of the First Amended Complaint,

27  Defendants hereby incorporate their responses to paragraphs 1-128 of the First

28  Amended Complaint.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4818-5193-9243 v2                    - 6 -                    5:19-CV-00903-SVW-SHK
DEFENDANTS' ANSWER TO FIRST AMENDED
COMPLAINT

30.     In answering paragraph 140 of the First Amended Complaint, Defendants hereby incorporate their responses to paragraphs 1-139 of the First Amended Complaint.

31.     In answering paragraph 148 of the First Amended Complaint, Defendants hereby incorporate their responses to paragraphs 1-147 of the First Amended Complaint.

**AFFIRMATIVE DEFENSES**

AS SEPARATE AND AFFIRMATIVE DEFENSES, Defendants allege as follows:

**First Affirmative Defense**

32.     Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

33.     Defendants deny that Plaintiffs have been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

**Third Affirmative Defense**

34.     Defendants deny that they violated Plaintiffs' First, Fourth, or Fourteenth Amendment rights, or any other federal, constitutional, or other rights.

**Fourth Affirmative Defense**

35.     To the extent that any force was used against Plaintiffs, the force used was privileged and reasonable as a matter of law.

**Fifth Affirmative Defense**

36.     Plaintiffs' own conduct estops Plaintiffs from claiming the damages alleged in the First Amended Complaint.

**Sixth Affirmative Defense**

37.     To the extent that Plaintiffs have alleged a supplemental state law cause of action, they have failed to submit a timely Government Claim, as required

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4818-5193-9243 v2                    - 7 -

5:19-CV-00903-SVW-SHK
DEFENDANTS' ANSWER TO FIRST AMENDED
COMPLAINT

by the California Tort Claims Act of 1963, which is codified as California Government Code § 810-998.3, which bars this Court from hearing those claims.

### Seventh Affirmative Defense

38.     Defendants are immune from liability for their actions by the application of one or more of the immunities set forth in the California Government Code, including the immunities set forth in §§ 815.2, 818.2, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821.6, 821.8, 822.2, 844, 845.6, and 845.8.

### Eighth Affirmative Defense

39.     The individual Hemet Defendants are entitled to qualified immunity from suit, because no reasonable police officer in the position of the individual Hemet Defendants would have believed their conduct to be a violation of Plaintiffs' Constitutional rights.

### Ninth Affirmative Defense

40.     Plaintiffs' cause of action for a Fourth or Fourteenth Amendment violation is barred because any force used by the Defendants and their employees was privileged as reasonable to defend oneself or others.

### Tenth Affirmative Defense

41.     To the extent that Plaintiffs suffered any damages, which the Defendants deny, the damages were suffered in whole, or in part, by the negligence of Plaintiffs and/or the decedent Orla Ladefoged, Sr., and the damages of Plaintiffs should be reduced by a proportional amount.

### Eleventh Affirmative Defense

42.     The damages alleged were directly and proximately caused and contributed to by the negligence of other persons, and the extent of damages sustained, if any, should be reduced in proportion to the amount of said negligence.

### Twelfth Affirmative Defense

43.     Plaintiffs' damages, if any, should be reduced because of Plaintiffs' failure to mitigate his damages, if any.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4818-5193-9243 v2          - 8 -          5:19-CV-00903-SVW-SHK
DEFENDANTS' ANSWER TO FIRST AMENDED
COMPLAINT

**Thirteenth Affirmative Defense**

44.     Defendants are immune from the imposition of punitive damages in their official capacity.

**Fourteenth Affirmative Defense**

45.     Punitive Damages cannot be imposed against a public entity.

**Fifteenth Affirmative Defense**

46.     Plaintiffs' claims against Defendant City of Hemet under 42 U.S.C. § 1983 fail because Plaintiffs cannot establish that they had a custom, policy, or practice that caused a Constitutional violation.

**Sixteenth Affirmative Defense**

47.     Plaintiffs' claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).

**Seventeenth Affirmative Defense**

48.     Because the operative First Amended Complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

**Eighteenth Affirmative Defense**

49.     Plaintiffs' claims are barred by the failure to comply with the applicable statute of limitations.

**Nineteenth Affirmative Defense**

40.     Plaintiffs lack standing to pursue any claims, including but not limited to, their claims as the successors-in-interest to the decedent Orla Ladefoged, Sr.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial before a jury on all issues presented by Plaintiffs' First Amended Complaint triable to a jury.

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4818-5193-9243 v2          - 9 -

5:19-CV-00903-SVW-SHK
DEFENDANTS' ANSWER TO FIRST AMENDED
COMPLAINT

1    WHEREFORE, Defendants pray that:

2        1.    Judgment be rendered in favor of the Defendants and against

3    Plaintiffs;

4        2.    Plaintiffs take nothing by this action;

5        3.    Defendants be awarded costs of suit incurred herein; and

6        4.    Defendants be awarded such other and further relief as the Court may

7    deem necessary and proper.

8

9    Dated:  October 28, 2019                BURKE, WILLIAMS & SORENSEN, LLP

10

11                                          By:  /s/ Nathan A. Oyster
                                                 Nathan A. Oyster
12                                               Algeria R. Ford
                                                 Attorneys for Defendants
13                                               CITY OF HEMET, ANDREW
                                                 REYNOSO, IAN BAILEY, BRENT
14                                               CHRISTIANSON, JARED FLOREZ,
                                                 MICHAEL MOUAT, NICHOLAS
15                                               ORLANDOS, NICHOLAS
                                                 SCHROEDER, BRIAN WOOD,
16                                               PATRICK SOBASZEK and JAKE
                                                 DOMINGUEZ
17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4818-5193-9243 v2                       - 10 -            5:19-CV-00903-SVW-SHK
                                                             DEFENDANTS' ANSWER TO FIRST AMENDED
                                                                                       COMPLAINT